15-3292-cr
United States v. Watkins

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of August, two thousand nineteen.

PRESENT: DENNIS JACOBS,
ROSEMARY S. POOLER,
RICHARD C. WESLEY,
Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
Appellee,

-v.-                                    15-3292

DUANE COSTA, TRENTON DREW,
GARY FRANCE, FRANK MYERS,
Defendants,

EMORY WATKINS,
Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - -X

1

| FOR APPELLANT: | Julia Pamela Heit, New York, NY. |
|---|---|
| FOR APPELLEE: | Andrey Spektor, Assistant United States Attorney (Amy Busa, Alexander Solomon, Assistant United States Attorneys, <u>on the brief</u>), <u>for</u> Richard P. Donoghue, United States Attorney, Eastern District of New York, Brooklyn, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Wexler, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court as to the violation of 18 U.S.C. § 924(c)(1)(A) be **VACATED** and **REMANDED.**

This case returns to us from the Supreme Court for reconsideration in light of <u>United States v. Davis</u>, 588 U.S. --, 139 S. Ct. 2319 (2019).   <u>See</u> <u>Watkins v. United States</u>, No. 18-7996, 2019 WL 653249 (June 28, 2019).   Emory Watkins appealed from the judgment of the United States District Court for the Eastern District of New York (Wexler, <u>J.</u>) convicting him, upon his plea of guilty, of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and of use of a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A).   We affirmed Watkins's conviction, following then circuit law.   <u>See</u> <u>United States v. Costa</u>, 744 Fed. App'x 27, 28 (2d Cir. 2018) (summary order) (citing <u>United States v. Barrett</u>, 903 F.3d 166 (2d Cir. 2018), <u>vacated</u>, 2019 WL2649797 (June 28, 2019)).   Now, in light of <u>Davis</u>, we vacate Watkins's conviction for violating 18 U.S.C. § 924(c)(1)(A).

In relevant part, section 924(c)(1)(A) provides mandatory punishment for "any person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm."   18 U.S.C. § 924(c)(1)(A).

At the time of Watkins's conviction, section 924(c)(3) offered two definitions for the "crime of violence" element of section 924(c)(1)(A): a felony that either "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Id. § 924(c)(3). However, the Supreme Court has now held that section 924(c)(3)(B) is unconstitutionally vague. See Davis, 139 S. Ct. at 2336.

Accordingly, Watkins's section 924(c)(1)(A) conviction must be vacated because the district court relied on section 924(c)(3)(B) to hold that Watkins used a firearm in the commission of a crime of violence by conspiring to commit Hobbs Act robbery.

For the foregoing reasons, we **VACATE** the judgment of the district court as to Watkins's violation of 18 U.S.C. § 924(c)(1)(A) and **REMAND** for further proceedings consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK